## H. S. Evans vs. Irvin & Dunlap.

*Error from Wilcox County Court.*

---

In transitory actions, the court of any county where the defendant is liable to be sued, has jurisdiction, without the aid of a fictitious *venue*.

Where final judgment is given against the defendant on demurrer. the action being founded on a note given in South Carolina, and interest is computed and given by the court, without the intervention of a jury, it is error.

The judgment, in such case, must be reversed ; it is not such a clerical error as can be corrected by reducing the judgment to the amount of principal due on the note.

Irvin & Dunlap sued Evans on a note, which the declaration shows to have been executed in South Carolina. The defendant demurred; and final judgment was given against him on demurrer. The court gave judgment for a larger sum than the principal due on the note. That there was no venue laid in the declaration, and that judgment was given for too much, are the principal assignments of error.

Ellis, for defendant in error.

It is sufficient if the venue be correctly laid in the commencement of the declaration ; and such venue will govern although it may afterwards be set forth that the note was given in the state of South Carolina.

As to the last assignment of error, if the judgment be given for too much, it was amendable in the court below, and therefore, the judgment will not be reversed for this cause, if the court should regard the objection as well founded. But it does not appear that the court estimated the interest allowable by the laws of South Caroline. The interest may have been estimated according to the laws of this state.

By Mr. Chief Justice Saffold :

This is an action on a note, shown by the declaration to to have been executed in South Carolina. The defendant in

the Circuit Court, now plaintiff in error, having demurred to the declaration, the demurrer was overruled ; and the defendant failing to plead further, final judgment was rendered against him for about twenty dollars more than the amount of the note, which is presumed to have been a calculation of interest.

Evans
vs.
Irvin & Dunlap

1. The first assignment of error brings to the notice of the court, the objection that no *venue* of the contract is laid in the declaration, so as to give the court jurisdiction.   This action being transitory in its nature, the court of any county where the defendant is liable to be sued. has jurisdiction without the aid of a fictitious *venue*.   This is conceived to be the correct rule of law, even on demurrer—but it is more clearly so under the statute ;[a] which allows to no demurrer any other effect than that of a general demurrer.

[a]Aik. D. 277.

2. The second assignment, that the declaration does not disclose the individual names of the payees of the note, is found untrue in point of fact.

3. The third assignment presents the exception, that interest was allowed on this Carolina note, without the intervention of a jury.   The previous cases (*Peacox* vs. *Banks*,[b] and *Evans* vs. *Clark*, of the present term) determine this to be error.

[b]Aal. R. 387.

But it is contended in argument that this was a clerical error or misprision, which could have been corrected by reducing the judgment to the amount of the principal due on the note, by motion in the Circuit Court ; and that the judgment should be corrected, under the statute of *jeofails*, at the cost of the plaintiff in error. I do not, however, consider this to be one of the cases contemplated by the statute referred to. The presumption is, that more than the principal was due ; that by the law of the state where it was executed, damages or some rule of interest is allowed ; and that the Circuit Court, upon, or without proof of that rate, undertook to compute and allow it ; or that the rate authorised by the law of this state was applied to the case.   In any view, the judgment must be reversed, and the cause remanded.